UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
Nicholas Improta,

                Plaintiff,                COMPLAINT 16-CV-4387

    - against -                      JURY TRIAL DEMANDED

CITY OF NEW YORK,                      ECF CASE
DOC Officer Rupert Fullerton, shield 4277;
Khin Kyu, MD, Corizon Health Inc.,
Corizon Health Inc., DOC employees "John Doe" #1 through #10,
Corizon employees "John Roe" # 1 through 10,
individually and in their official capacity
(the names "John Doe" and "John Roe" being fictitious, or an alias,
as the true names are presently unknown),

                Defendants.
----------------------------------------------------------------------x

      Plaintiff, Nicholas Improta, by his attorneys, Sophia Solovyova and James Meyerson, complaining of the defendants, respectfully sets forth and alleges that:

## INTRODUCTION

1. Mr. Improta brings this civil rights action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C §§ 1983 and 42 U.S.C. §§ 1988, for violations of Mr. Improta's civil rights under the said statutes and the Constitution of the United States.

2. While in the custody of the New York City Department of Corrections ("DOC") on Rikers Island, Mr. Improta was brutally assaulted by another inmate who stabbed him in the nose in an unsupervised recreation room. The assault resulted in serious injuries, including nasal fracture, a "deviated" nose, and closed head injury. After initial evaluation and treatment at Elmhurst Hospital Emergency Room, Mr. Improta was transferred to Brooklyn Detention Complex ("BKDC") where he was processed into protective custody. Before he was discharged

1

from Elmhurst Hospital ER, Mr. Improta was given a referral to an ENT specialist for further treatment, including bone repositioning and/or surgery.  However, DOC officers and supervisors and Corizon medical personnel failed to schedule specialist appointments with the ENT and to bring Mr. Improta to such, which resulted in a permanently deformed nose, difficulty breathing, and pain and suffering.

3.   Mr. Improta now seeks redress against the City of New York, the DOC correctional officers and supervisors, and Corizon Health Inc and its employees, who subjected plaintiff to, among other things, failure to protect, deliberate indifference to safety, deliberate indifference to a serious medical need, delay and denial of medical care, a continuation of an unlawful municipal policy, practice and custom.  Plaintiff seeks compensatory and punitive damages, an award of costs and attorney's fees, pursuant to 42 USC Section 1988, and such other and further relief as the court deems just and proper.

## JURISDICTION AND VENUE

4.   The jurisdiction of this Court is invoked pursuant to the provisions of 42 USC 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5.   Plaintiff's claims for attorney's fees and costs are predicated upon 42 U.S.C § 1988 which authorize the award of attorney's fees and costs to the prevailing parties pursuant to 42 U.S.C § 1983.

6.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1331, in that this is a civil suit arising under the Constitution of the United States.

7.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C § 1343(a), in that this action seeks to redress the deprivation, under color of state law, of rights secured to Plaintiff by the

Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States.

8. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), as this is the District in which the assault on Mr. Improta, giving rise to this complaint, occurred.

## JURY DEMAND

9. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

10. Plaintiff, Nicholas Improta, is a resident of the State New York, County of Richmond. At the time of the assault, Mr. Improta was a pre-trial detainee at Anna Kross Correctional Facility ("AKCF") on Rikers Island and subsequently at BKDC.

11. Defendant, City of New York, was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

12. The City of New York, through its DOC, operates several detention jails. The DOC is responsible for the appointment supervision, and training of all DOC correctional officers, including the defendants in this case.

13. The DOC's senior officials at the central office and officials in each detention facility implement policies with respect to adequate protection of inmates from violence inflicted by other inmates and access to medical services mandated by local law and court orders. Senior DOC officials are aware of and tolerate certain practices by subordinate employees in the detention facilities that are inconsistent with formal guidelines. These widespread practices are deeply imbedded in the culture of the agency and constitute unwritten DOC policies.

14. At all times hereinafter mentioned, Defendant Rupert Fullerton as an employee within the DOC, acting in the capacity of an agent, servant, and employee of defendant City within the scope of his employment as such, and acting under color of state law.

15. That at all times hereinafter mentioned, correctional officers and supervisors John Doe # 1-10 (collectively referred to herein as the "Doe Defendants"), whose actual names and shield numbers plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, were correctional officers and supervisors within the DOC, acting in the capacity of agents, servants, and employees of defendant City within the scope of their employment as such, and acting under color of state law.

16. From about October 25 to December 26, 2014, the time of the incidents alleged herein, Doe defendants worked at the AKCF on Rikers Island and BKDC, displayed deliberate indifference by failing to protect Mr. Improta from inmate violence, to bring Mr. Improta to his specialist appointments, and to provide him with medical treatment.

17. That at all relevant time, the defendants, either personally or through their employees, were acting under color of state law and /or in compliance with the official rules, laws, regulations, statutes, usages and/or practices of the State of New York and the City of New York.

18. That each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope and in the furtherance of their employment by defendant, City of New York.

19. Defendant Corizon Health, Inc. is a corporation that at the time of the incident contracted with the City of New York to provide health services to individuals incarcerated in NYCDOC correctional facilities.  Corizon Health, Inc. engages in business in the State of

New York and is subject to personal jurisdiction in this district; and has provided healthcare services on behalf of the City of New York.

20. Defendant Khin Kyu, MD, and Corizon medical personnel John Roes #1-10 were at all times relevant medical providers, employees or agents of Corizon Health Inc., and were acting under color of law in the course and scope of their duties and functions as agents, servants, and employees of Corizon Health Inc., and otherwise performed and engaged in conduct incidental to their lawful functions in the course of their duties.  They were acting for and on behalf of the City of New York and Corizon Health Inc., at all times relevant herein with the power and authority vested in them as agents and employees of the City of New York and Corizon Health Inc. and incidental to their duties as agents and employees of the City of New York and Corizon Health, Inc. They are sued in their individual and agency capacities.

21. That each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope and in the furtherance of their employment by defendants, City of New York and Corizon.

22. All defendants are being sued individually and in their official capacity.

**FACTUAL ALLEGATIONS**

**The October 25, 2014 Assault on Nicholas Improta**

23. On or about October 25, 2014, at approximately 8 P.M., Mr. Nicholas Improta was watching television with several other inmates in the recreation room of the AKCF, C-95, West Lower B-side on Rikers Island, when a violent and disruptive inmate by the name of George Baer stabbed him in the side of the nose with a sharp instrument.

24. At no point before, during or after the incident was Mr. Improta involved in any fight.

25. CO R. Fullerton (Shield 4277) was assigned to the recreation room to supervise inmates. However, at the time of the incident, CO Fullerton was not present in the recreation room and failed to prevent or intervene to protect Mr. Improta from the aggressive inmate.

26. Mr. Improta's nose started swelling and bleeding heavily immediately after the impact. Mr. Improta was in severe pain and disoriented. However, there was no correctional officer in the room to assist Mr. Improta. Another inmate assisted Mr. Improta by helping him reach the door of the dormitory and request medical assistance.

27. The DOC officers came into the dormitory and escorted Mr. Improta to the Rikers Island clinic in C-95 where Mr. Improta eventually saw a doctor.

28. The doctor diagnosed Mr. Improta with nasal bone fracture, active bleeding, and deviated nose.

29. Mr. Improta was told that his injuries were very serious and he was transported to Elmhurst Hospital Emergency Room on October 26, 2014 at about 1 A.M.

30. As a result of the assault, Mr. Improta suffered nasal fracture, deviated nose, and close head injury. The injuries sustained by Plaintiff were caused solely by, and as a result of the negligent, malicious, reckless, and/or intentional conduct of defendant City of New York, the DOC, and its agents, servants and/or employees, as set forth above, without provocation on the part of Plaintiff contributing thereto, specifically, the reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained the individual defendants.

31. Mr. Improta was not disciplined as a result of the incident and was deemed a victim of inmate Baer.

**Failure to Provide Medical Care to Nicholas Improta**

32. Before discharging Mr. Improta from the Elmhurst Hospital, the ER doctors informed the DOC personnel as well as recorded in Mr. Improta's medical file that he would have to see an ENT specialist in 3 to 5 days (to allow the swelling to subside) to reposition the nose and/or perform surgery to restore the nasal pasage.

33. Mr. Improta was transported to BKDC and processed into protective custody.

34. On October 29, 2014, Mr. Improta saw Dr. Khin Kyu, a Corizon employee at BKDC. Mr. Improta was in severe pain and asked when he would be taken to see an ENT specialist. Mr. Improta was told by Dr. Khin Kyu that the scheduled appointment had been "missed" and a new appointment would be scheduled.

35. In the following weeks, Mr. Improta persistently inquired with the correctional officers and captains as well as the Corizon medical personnel about the follow-up appointment with the ENT and requested to be brought to an ENT, but his inquiries and requests were ignored by the DOC and Corizon personnel.

36. Mr. Improta suffered severe pain from a broken nose and open stab wound.

37. To date, Mr. Improta has difficulty breathing through his nose, the condition caused by the improperly healed breathing passage, and requires an invasive surgery (e.g. "rebreaking" of the nasal bone) to correct the problem.

38. As a result of the foregoing, the Plaintiff sustained inter alia, pain, suffering, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
### MONELL

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

40. On information and belief, prior to and including October 25, 2014, the City of New York and Department of Corrections developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons detained in the City's jails, which caused the violation of Plaintiff's rights.

41. On information and belief, it was the policy and/or custom of the City of New York and its Department of Corrections to inadequately screen, hire, train, supervise and discipline its correctional officers and supervisors for their failure to protect inmates from violence by other inmates and failure to provide necessary medical care.

42. On information and belief, the defendant officers and supervisors have been the subject of prior civilian and departmental complaints that put, or should have put, the defendant City of New York and its Department of Corrections on notice that the defendant officers and supervisors were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the Plaintiff herein.

43. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons detained in the City's jails and were the cause of the violations of the Plaintiff's rights guaranteed under the Eighth Amendment to be free from cruel and unusual punishment and under the Fourteenth Amendment Due Process right to personal

bodily integrity (*Albright v. Oliver*, 510 U.S. 266, 272 (1994)), and under 42 U.S.C. 1983 to be provided with adequate medical care.

44. The foregoing customs, policies, practices, procedures, rules, and usages include but are not limited to, denying access to medical care to pre-trial detainees.

45. The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in recent civil rights actions filed against the City, including: <u>Linda Mercado v. City of New York</u>, SDNY, 14 CV 6775 (pre-trial detainee being held at Rikers denied medical treatment for diabetes, lapsed into coma and died); <u>Sandra De La Cruz v. City of New York</u>, SDNY, 13 CV 7391 (pre-trial detainee being held at Rikers denied emergency medical treatment after complaining of chest pain, weakness, and cramping in his left leg, died in his cell from ruptured aortic dissection); <u>Luckey v. City of New York</u>, 120 AD3d 403 (1st Dept 2014)(failure to provide medical assistance once plaintiff exhibited signs of asthma attack).

46. The conduct of the defendant City of New York and its Department of Corrections and Corizon Health Inc were the direct and proximate cause of the injuries and claims damages under 42 U.S.C. 1983 for the aforesaid injuries.

47. Defendant Correctional Officers and Corizon personnel exhibited deliberate indifference to Plaintiff's serious medical needs when they failed to bring Plaintiff to his scheduled appointments with the ENT specialist after the October 25, 2014 assault on Plaintiff by another inmate.

48. Defendant Correctional Officers and supervisors further exhibited deliberate indifference to a substantial risk of serious harm to Plaintiff when having specific knowledge or a risk

9

of serious harm to Plaintiff, they left him in an unsupervised recreation room with an aggressive and violent inmate.  As a result of this act, omission, and indifference, Plaintiff sustained nasal fracture and deviated nose, pain and suffering, and will require surgery and may continue to suffer from physical deformity and disability throughout his lifetime.

49. Defendants, including City of New York, Correctional Officer R. Fullerton, and Doe and Roe defendants failed to prevent a brutal assault on Plaintiff, and denied him adequate medical care.

50. As a result of defendants City's tolerance, sanctioning, and deliberate indifference to inmate violence at the time of assault on plaintiff, the plaintiff suffered a brutal assault, was denied proper medical care, and was deprived of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. 1983, including, but not limited to, rights guaranteed under the Fourth and Fourteenth Amendments to the US Constitution.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 USC 1983

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

52. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law, in their capacities as correctional officers, with all the actual and/or apparent authority attendant thereto.

53. All of the aforementioned acts demonstrated a deliberate indifference on the part of the defendants and were the cause of the violations of the Plaintiff's rights guaranteed under the Fourteenth Amendment Due Process right to personal bodily integrity (*Albright v.*

*Oliver*, 510 U.S. 266, 272 (1994)), and under 42 U.S.C. 1983 to be provided with adequate medical care.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as correctional officers and supervisors and medical providers, pursuant to the customs, usages, practices, procedures and rules of the City of New York and the New York City Department of Corrections, all under the supervision of Commissioner of said department.

55. Defendants collectively and individually, while acting under color of state law, engaged in conduct, which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

**THIRD CLAIM FOR RELIEF**
**DELIBERATE INDIFFERENCE TO SAFETY, FAILURE TO PROTECT,**
**DENIAL OF MEDICAL CARE UNDER 42 USC 1983**
**DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED,**
**NEGLIGENCE, AND**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

57. Defendants exercised deliberate indifference and cruelty, extreme recklessness, negligence, and with the intent to create probable risk to plaintiff, failed to take remedial action, and allowed a dangerous environment to become so pervasive at its DOC detention centers by allowing and permitting inmates to injure other detainees with the approval, support, agreement and consent of correctional officers and officials.

58. Defendant Correctional Officers and supervisors further exhibited deliberate indifference to a substantial risk of serious harm to Plaintiff when having specific knowledge or a risk

of serious harm to Plaintiff, knowingly left the reaction room unsupervised and allowed a violent inmate to brutally assault Plaintiff. As a result of this act, omission, and indifference, Plaintiff sustained nasal fracture and a deviated nose. Plaintiff will require surgery and may continue to suffer from disability throughout his lifetime.

59. Defendants are liable to Plaintiff because they agreed to act in concert with each other, to inflict unconstitutional injuries, and committed overt acts done in furtherance of that goal causing damage to Plaintiff.

60. Defendants are liable to Plaintiff because they ignored Plaintiff's need for medical treatment for a serious medical issue and/or injury, or delayed such treatment, and harm occasioned by such an act is redressable under the Fourth and Fourteenth Amendments to the United States Constitution, and 42 USC 1983.

61. The defendant correctional officers, intentionally, willfully or recklessly and with a culpable state of mind, deprived the plaintiff of adequate medical care after causing him severe physical injuries and mental and psychological anguish.

62. That the actions by the correctional officers were objectively unreasonable and in violation of the plaintiff's constitutional rights.

63. As a result of the foregoing, plaintiff sustained, inter alia, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment, humiliation, shame, and indignity.

<u>PRAYERS FOR RELIEF</u>

64. WHEREFORE, Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs with the same force and effect as if fully set forth herein.

65. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by Mr. Improta as a result of the events alleged herein.

66. Punitive damages against the Individual Defendants in the amount to be determined at trial.

67. Costs, interest and attorney's fees, pursuant to 42 USC 1988; and

68. Such other further relief as the Court may deem appropriate.

Respectfully submitted,

Dated:  June 10, 2016
        New York, N.Y.

By:   /s/ Sophia Solovyova, Esq.
      SOPHIA SOLOVYOVA
      65 Broadway, Suite 734
      New York, NY 10006
      (212) 379-6471

      /s/ James I. Meyerson
      JAMES I. MEYERSON
      5 Bryant Park-Suite # 820
      New York, New York 10018
      (212) 344-7474/Extension 129
      (212) 344-4447/FAX